

Signed and Filed: July 08, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 11-31091DM
SHAWN DOLGIN, )
)
                Debtor. ) Chapter 13
_____)

MEMORANDUM DECISION ON MOTION TO DISMISS

I. <u>INTRODUCTION</u>

    On June 15, 2011, the court considered the motion of David Teter and Kathleen Miller ("Moving Parties") to dismiss this Chapter 13 case filed by Shawn Dolgin ("Debtor") on March 21, 2011.

    For the reasons discussed below, Moving Parties' motion will be granted and Debtor's case will be dismissed.

II. <u>DISCUSSION</u>

    The court considers the propriety of Debtor's Chapter 13 case under a "totality of circumstances" test and concludes that Debtor filed this case in bad faith.

    First, as the record reflects, Debtor used the threat of bankruptcy as an offensive weapon in connection with his litigation with Moving Parties in state court. While frequently debtors file bankruptcy in good faith on the eve of trial or entry

-1-

of judgment, in this case Debtor filed to avoid discovery after threatening bankruptcy as an alternative to an unrealistic proposal for mediation that could not have been serious since Moving Parties' counsel's affirmative response was not accepted by Debtor.

Apart from Debtor's litigation conduct, it appears that he is quite able to deal with his few creditors outside of bankruptcy. Specifically, he has substantial assets (admittedly some of which are exempt but still are not insignificant) and those assets include luxury goods, jewelry, and nearly a quarter of a million dollars of funds in various pension and profit sharing accounts. Further, he has a substantial income to meet expenses that include $462 per month repaying his own "403B loan." That is not a proper charge against disposable income. See In re Egebjerg, 574 F.3d 1045(9th Cir. 2009).

Given those circumstances, Debtor's unsecured non-priority claims are well within his control to pay.

Finally, Debtor's plan proposes a modest payment of $100 per month for sixty months, an amount that does not appear to be his best efforts but rather a way to attempt to avoid his day of reckoning with Moving Parties. If he defeats them in state court, the absence of a need for bankruptcy relief is all the more apparent. If Moving Parties prevail, Debtor may revisit the question of whether or not he should be entitled to bankruptcy relief.

III. CONCLUSION

For the foregoing reasons, this Chapter 13 case will be dismissed. The court is concurrently entering an order dismissing

this case.

**END OF MEMORANDUM DECISION**