

Signed and Filed: September 21, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ) Bankruptcy Case
) No. 11-31091DM
SHAWN DOLGIN, )
)
                    Debtor. ) Chapter 13
_____)

MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION

On July 8, 2011, I entered an order dismissing this Chapter 13 case for the reasons set forth in a Memorandum Decision On Motion To Dismiss ("Memorandum") filed the same date.

Debtor filed a motion for reconsideration and the matter came on for hearing on September 16, 2011. Appearances were noted in the record.

Debtor challenged the sufficiency of service of the original motion to dismiss and also argued, <u>inter alia</u>, that I failed to consider a June 6, 2001 amended Chapter 13 plan that substantially increased payments to creditors over time.

In the Memorandum I did not address the sufficiency of service. Instead I looked at the totality of circumstances, including the original plan's modest payment of $100 per month. I overlooked increased payments of $250 for twelve months and $565 for forty-five months.

Had I been mindful of the June 6th amended plan and its

-1-

increased payments, I would have taken them into account.  That would have weighed the totality of the circumstances in the debtor's favor.

Following the hearing on September 16, I listened to a transcript of the June 15th hearing on the original motion in order to determine whether counsel for debtor had called to my attention the filing of the amended plan with the increased payments nine days prior to the hearing.  I now realize that I failed to take into account those increased payments and, even worse, I failed to give counsel for the debtor an opportunity to mention those payments.

In fact, I originally did not expect to be present on June 15, but personal circumstances changed and the calendar went forward on that day.  As the record reflects, I did not have time to read the papers and took the matter under advisement on the assumption that the motion could be granted or denied without the need for an evidentiary hearing.  In the last moments of the brief hearing counsel for the moving parties alluded to the amended plan, commenting that it discriminated against his clients, David Peter and Kathleen Miller.  When counsel for debtor asked to respond to the criticism of the amended plan, I cut her off and took the matter under advisement.  My final comment of substance to both parties was that the closing arguments of counsel would be dispositive; rather the record on file would.

Regrettably, since I overlooked the amended plan and did not give counsel an opportunity to explain it, these circumstances lead me to conclude that dismissal was improper.  Accordingly, the motion for reconsideration will be GRANTED.

-2-

1    In granting the motion and reinstating the Chapter 13 case, I
2    do not need to reach the issue of whether the original motion was
3    properly served on the debtor.
4    I am concurrently issuing an order reinstating the case.
5                      **END OF MEMORANDUM DECISION**